IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LINDSEY WILLIAMS-DIGGINS,** *individually and on behalf of all others similarly situated,*<br><br>**Plaintiff,**<br><br>-v-<br><br>**EQUIFAX INFORMATION SERVICES, LLC,**<br><br>**Defendant.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Equifax is a consumer reporting agency that has been wrongfully reporting student loan balances on Plaintiff Lindsey Williams-Diggins's consumer report. Equifax includes this inaccurate information despite Plaintiff's loans having been forgiven by the federal government, and as a result, she owes no further debt and the balance should reflect $0.

2. Plaintiff, Lindsey Williams-Diggins ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC ("Equifax") has negligently and recklessly disseminated false and damaging information regarding the Plaintiff's and the Class members' credit.

3. Plaintiff further alleges that Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and the proposed Class.

4. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**JURISDICTION**

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant is domiciled in the State of Georgia and as such, is subject to personal jurisdiction in the State of Georgia.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Defendant resides in this District, Defendants conducts business in this District, and communications giving rise to this action originated in this District.

**PARTIES**

7. Plaintiff, Lindsey Williams-Diggins ("Plaintiff"), is a resident of Toledo, Ohio and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Equifax Information Services, LLC is also one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Equifax is a limited liability company with its principal place of business located at 1550 Peachtree Road, Atlanta, Georgia 30092.

**FACTUAL ALLEGATIONS**

**THE BIDEN-HARRIS STUDENT DEBT FORGIVENESS PROGRAM**

10. On August 24, 2022, the Biden-Harris administration announced its Student Loan

Relief Plan (the "Plan").[1] The purpose of this concerted effort was to address how while "a post-high school education should be a ticket to a middle-class life… the cost of borrowing for college is a lifelong burden that deprives [many] of that opportunity." *Id*.

11. This Plan had substantial impact on millions of Americans' financial situations, as the Department of Education estimated that approximately 27 million individuals would be eligible for relief of their student debt. *Id*. The administration also took significant steps in auditing and accounting for its various mechanisms for loan forgiveness and verifying those individuals who qualified for such forgiveness.

12. Indeed, as of December 6, 2023, data from the Biden-Harris administration indicated that more than 3.6 million individuals had been approved for forgiveness of their federal student loans.[2]

13. Upon information and belief, when an individual qualified for loan forgiveness by the Department of Education, the relevant federal loan servicer was informed, who then notified the individual debt holder that their loan had been forgiven, the date of effect, and that the servicer would promptly notify the national credit bureaus of the changes.

**PLAINTIFF'S EXPERIENCE**

14. On or around August 17, 2023, Plaintiff was notified by her Department of Education student loan servicer, Mohela, that her federal student loans with Mohela had been forgiven in full, effective as of July 21, 2022. *See* Exhibit A.

15. The letter from Mohela stated that a refund for payments made towards the loan

---

[1] See https://www.whitehouse.gov/briefing-room/statements-releases/2022/08/24/fact-sheet-president-biden-announces-student-loan-relief-for-borrowers-who-need-it-most/
[2] See https://www.ed.gov/news/press-releases/biden-harris-administration-announces-nearly-5-billion-additional-student-debt-relief#:~:text=%E2%80%9CThe%20data%20released%20today%20once,%24132%20billion%20in%20loan%20forgiveness.

after the effective date would be processed and that Mohela "ha[d], or will notify by the end of the month, all national credit bureaus of your student loan forgiveness." *Id*.

16. However, in or around September of 2023, Plaintiff discovered that Equifax was continuing to report her MOHELA/DEPT OF ED account as open with a balance of $101,938.

17. Indeed, as of December of 2023, Equifax continues to report Plaintiff's forgiven loan account as open and with a six-figure balance.

18. This information is inaccurate and misleading, because Plaintiff's federal student loan was forgiven in full, effective as of July 21, 2022, and therein the account has no balance.

19. Upon information and belief, Defendant was notified by Mohela that Plaintiff's loan had been forgiven.

20. Upon information and belief, countless other individuals have received notifications that their federal student loans have been forgiven by their loan servicer, but nonetheless Defendant has continued to report their accounts with an outstanding balance.

21. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

22. Upon information and belief, Equifax fails to have such reasonable procedures, as it allows for inaccurate and damaging information to appear on consumers' reports; namely, by reporting unpaid balances owed for Class members' federal student loan accounts on consumers' reports, despite these loans having been forgiven by the Department of Education.

23. Defendant's conduct is particularly egregious, as it aware of the Plan, the

forgiveness of student loans, and its implications on individual's credit.[3]

24. As such, Plaintiff and the Class members have suffered defamatory harm, in that their consumer reports furnished to third-parties have misrepresented them carrying a significant outstanding debt for which they do not owe.

25. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

26. At all times pertinent hereto, Equifax's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

27. As a direct and proximate result of the Defendant Equifax's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this derogatory information has had on their credit scores and their ability to secure credit, and the defamatory impact of misrepresenting their creditworthiness.

28. For example, Plaintiff's report was furnished to third-party potential creditors with a six-figure debt that she did not owe, causing her to be denied credit and/or offered credit on less favorable terms.

29. Plaintiff further suffered emotional distress along with embarrassment, frustration and annoyance because of the Defendants' defamatory actions.

---

[3] *See* https://www.equifax.com/personal/education/loans/articles/-/learn/student-loan-forgiveness-update-do-i-qualify-for-student-loan-forgiveness/

## CLASS ALLEGATIONS

30. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

31. The Class consists of: All natural persons residing in the United States: 1) whose federal student loans were forgiven; and 2) on whom, from two years prior to the filing of this Complaint until the date a Class is certified, Equifax furnished to a third-party a credit report containing a federal student loan account reflecting a balance after the loans were forgiven.

32. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

33. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

34. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

35. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

   a. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

   b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

36. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

37. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

38. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is

superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

39. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

### COUNT I
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EQUIFAX

40. All preceding paragraphs are realleged.

41. Plaintiff brings this claim individually and on behalf of all others similarly situated.

42. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

43. Accordingly, Equifax was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff and the Class. This includes following procedures to ensure the correct balances owed are listed on debt accounts.

44. However, Equifax failed to do so.

45. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff and the Class members, it would not be possible for it to report a federal student loan account balance on Plaintiff's and the Class members' reports when these debts had been forgiven, particularly when Defendant was notified of the forgiveness by Plaintiff's and the Class members' loan servicers.

46. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and the Class pray for relief follows:

A. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest

C. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E.  That the Court grant equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

F.  That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: January 5, 2024

By: */s/ Misty Oaks Paxton*
Misty Oaks Paxton, Esq.
THE OAKS FIRM
3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email:attyoaks@yahoo.com

Joseph Kanee, Esq.
MARCUS & ZELMAN, LLC
4000 Ponce de Leon, Suite 470
Coral Gables, FL 33146
(786) 369-1122 telephone
(732) 298-6256 facsimile
PRO HAC VICE MOTION TO BE FILED

*Attorneys for Plaintiff and the proposed Class*